## HENRIETTA CHAPMAN *v.* PETER F. KIMBALL.

A surviving wife who has omitted to cause an inventory to be made of the effects left by her husband, however inconsiderable, in the manner prescribed for beneficiary heirs, cannot renounce the community. It is not enough that she present a petition to the Probate Court, praying that an inventory may be made ; she must see that it is done. C. C. 2379, 2380, 2381, 2382. She is bound to point out to the Judge all the effects of the community, the concealment or making away with any part of which, will render her incapable of renouncing. Ib. 2387.

APPEAL from the District Court of Natchitoches, *King*, J.

*Tuomey* and *M. C. Dunn*, for the plaintiff.

*Sherburne, Dunbar, Elgee* and *Hyams*, for the appellant, contended, that the failure of the plaintiff to cause an inventory to be made, deprived her of the right of renouncing the community of *acquêts*. Civil Code, arts. 2382, 2383. She must not merely pray for an inventory, but cause it to be made. Ib. 1028. Merlin, *verbo* Inventaire, § 5, No. 2. 13 Toullier, No. 6, 134, 137, 141. Pothier, Com. Nos. 540, 558. She will not be excused from making an inventory, by any allegation, that no property was left

by the deceased. Nothing but the report of the officer charged with making the inventory, can show this. Pothier, Com. No. 565. Merlin, *verbo* Carence.

MORPHY, J. This is an hypothecary action, in which the petitioner seeks to enforce her legal mortgage on property in the possession of the defendant, formerly owned by her late husband, B. F. Chapman ; she claims $4014, as the price of a house and lot in the town of Natchitoches, her paraphernal property, received by him. The defendant disclaimed title, and prayed that his lessor Benjamin Metoyer, might be made a party. The latter, on being cited, answered that he was the *bona fide* owner of the property ; that he had purchased it at a Sheriff's sale, made under an execution issued by the State Treasurer against B. F. Chapman, former Sheriff of the parish of Natchitoches, for the amount of the State tax of 1836, collected in the course of 1837, and withheld by him ; that as Chapman's surety for the collection of the tax of that year, in a bond executed on the 2d of January, 1837, he has been obliged to pay a sum of $5601 ; that this debt of the State, to whose rights he is subrogated, was a community debt, for which the petitioner is liable to him, as she has never renounced the community of *acquêts*, which existed between her and her late husband. The answer concludes by praying for a judgment in reconvention against the widow, for the said sum of $5601. This reconventional demand was afterwards withdrawn by Metoyer, in a supplemental answer, whereupon, the case having been laid before a jury, there was a verdict and judgment for the plaintiff for $1500, from which Metoyer has appealed.

Our first inquiry must be, whether the plaintiff has made herself liable for the debts of the community, which existed between herself and her late husband, for if she has, it is clear, that she cannot maintain this action. Our law gives to the wife and her heirs, the privilege of exonerating themselves from the debts contracted during the marriage, by renouncing the partnership or community of goods ; but in order to enjoy this privilege, she must not have taken an active concern in the affairs of the community, and she must have made an inventory. If she has done the one, or has failed to do the other, she cannot renounce, and remains liable for one-half of the debts of the community. Civil Code,

arts. 2379, 2380, 2381, 2382. The surviving wife who wishes to renounce, is placed on the same footing as beneficiary heirs, in relation to the terms and formalities prescribed for making an inventory. Ib. arts. 1027, 1028. The record shows, that at the death of Chapman no seals were affixed on his effects, and no inventory of his estate taken. That he died in September, 1839; That in December following, the plaintiff presented to the Probate Judge of Natchitoches, a petition, stating that her husband died possessed of some property in that parish, and in that of Caddo, that he had left no heirs in the State, and praying that an appraisement and inventory might be made, and commissions issued to the parish of Caddo, &c. The Judge gave the order prayed for, and there appears to have been no further action in the matter, on the part of the plaintiff, until some time in July, 1841, when, shortly before the institution of the present suit, she went before a notary, and made a renunciation of the community. It has been contended, on the part of the widow, that it would have been a vain and useless formality to have made an inventory at the death of Chapman, because he left no property whatever; and several witnesses have been introduced to establish this fact. We are by no means prepared to say, that a surviving widow, who has failed to make the inventory required to enable her to renounce, can supply the omission by loose testimony in relation to the situation of her husband's affairs at the time of his death, several years before; but even if this could be done, the whole evidence on this subject does not satisfy us, that Chapman died without any means whatever, nor did his widow think so herself, as far as we can judge from her petition to the Probate Judge. The latter testified, that being satisfied that there was little property, less than $500, he appointed, in July, 1841, one Anail curator of the estate, without requiring of him security, pursuant to the act of the 17th of January, 1838. One of the witnesses declares, that the deceased owned some land in Caddo up to the time of his death, and we find in the record, that a lot of ground in the town of Natchitoches, of the value of $600, was given in 1834, to Chapman and his wife, which lot appears to have remained undisposed of. It is besides extremely improbable, that the deceased left no personal property of any kind. However in-

considererable may have been the estate left by her husband, the plaintiff was bound to have an inventory of it taken, if she intended to renounce. That obligation was not, in our opinion, complied with, by merely presenting to the Probate Judge a petition praying for an inventory. She was bound to see it made, and point out to the Judge all the effects of the community. The concealment or making away with any part of them, is declared by our code a sufficient cause to render her incapable of renouncing. Art. 2387. With the evidence before us, and under the positive provisions of our law, we are constrained to say, that the plaintiff has not made such a renunciation as will relieve her from the debts and obligations of the community, from which B. Metoyer bought the property from which he is now sought to be evicted, and that she cannot, therefore, maintain this action.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that ours be for the defendant, with costs in both courts.